UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X      **Docket#**
UNITED STATES OF AMERICA,      :     15-cr-125-SLT-RML
                               :
      - versus -               :     U.S. Courthouse
                               :     Brooklyn, New York
GEORGE SILVERMAN,              :
            Defendant          :     May 2, 2015
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:          **Loretta E. Lynch, Esq.**
                                 United States Attorney

                            BY:  **Marisa Seifan, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201


**For the Defendant**:           **Evan Glassman, Esq.**
                                 Steptoe & Johnson LLP
                                 1114 Avenue of the Americas
                                 New York NY 10036


**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 740 Sharon Road
                                 Copiague, New York 11726
                                 Transcriptions2@verizon.net

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

                    Proceedings
1           THE CLERK:  Criminal Cause for a Pleading in
2   the matter of United States v. Silverman.  It's docket
3   number 15-cr-125.
4           Please state your appearances for the record.
5           MS. SEIFAN:  Marisa Seifan for the United
6   States.
7           Good afternoon, your Honor.
8           THE COURT:  Good afternoon.
9           MR. GLASSMAN:  Evan Glassman of Steptoe &
10  Johnson for George Silverman, your Honor.
11          THE COURT:  Good afternoon.  Good afternoon,
12  sir.
13          THE DEFENDANT:  George Silverman, your Honor.
14  G E O R G E   S I L V E R M A N ,
15      called as a witness, having been first duly sworn,
16      was examined and testified as follows:
17          THE COURT:  What is Mr. Silverman going to do
18  today?
19          MR. GLASSMAN:  We're here to -- Mr. Silverman
20  is here to take a plea today to an information which
21  we've reviewed with him.
22          THE COURT:  All right.  And is he going to
23  waive indictment to do that?
24          MR. GLASSMAN:  He's already signed the waiver
25  of indictment, yes.

3

Proceedings

1          THE COURT:  Okay. All right.

2          Mr. Silverman, I have here a waiver of

3    indictment and it appears that you've signed it.

4          Is that correct?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  So before you signed it, did you

7    read it carefully and discuss the implications with your

8    lawyer?

9          THE DEFENDANT:  I did, your Honor.

10          THE COURT:  All right.  So do you understand

11    what an indictment is?

12          THE DEFENDANT:  I do.

13          THE COURT:  All right.  So by waiving

14    indictment, you're agreeing that the charges against you

15    or the evidence against you will not be brought before a

16    grand jury where a grand jury would determine whether

17    there's probable cause to believe there's enough evidence

18    to bring criminal charges against you.

19          Do you understand that?

20          THE DEFENDANT:  I do, yes.

21          THE COURT:  You have to speak up a little bit.

22          THE DEFENDANT:  I'm sorry.  Yes, your Honor,

23    and I understand.

24          THE COURT:  Okay.  And you understand that the

25    charges against you are potentially serious and that it

4

Proceedings

1  is your absolute right, if you wish, to have a grand jury

2  filter the evidence and make a determination of whether

3  or not there is probable cause to indict you.

4          THE DEFENDANT:  I do understand that, yes.

5          THE COURT:  And that by proceeding by

6  information, you're proceeding by this document here

7  which I assume you've seen.

8          Correct?

9          THE DEFENDANT:  That's correct, your Honor.

10          THE COURT:  And which will not have that same

11  kind of protection that the grand jury indictment would

12  have.

13          THE DEFENDANT:  I understand that.

14          THE COURT:  All right.  Are you making this

15  decision voluntarily?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you have any questions about

18  what you're doing?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Okay.  So I'm going got ask you a

21  lot of questions today.  You're under oath.  You'll have

22  to answer them honestly and completely.  If you have any

23  questions about what I say, please feel free to consult

24  with your lawyer privately at any time, ask me any

25  questions, if you would like.  If you do not answer it

5

Proceedings

1  completely or truthfully, you could be prosecuted for

2  perjury.

3          Do you understand?

4          THE DEFENDANT:  I understand, your Honor.

5          THE COURT: I also have here a consent form in

6  which I believe you've consented to have me, a magistrate

7  judge, hear your guilty plea.

8          THE DEFENDANT:  Yes.

9          THE COURT:  And so I will be making a

10 recommendation to Judge Townes whether to accept it.  She

11 would be the one who would ultimately decide whether to

12 accept your plea and how to sentence you.

13         Do you understand?

14         THE DEFENDANT:  I understand, your Honor, yes.

15         THE COURT:  And, of course, if you prefer not

16 to have me hear, I'm sure Judge Townes will be perfectly

17 happy to have you present your plea before her.  So it's

18 totally your choice.

19         THE DEFENDANT:  I -- it's a waiver?

20         THE COURT:  It's a waiver.

21         THE DEFENDANT:  Yes.

22         THE COURT:  It's basically a consent.

23         THE DEFENDANT:  That's -- I consent.  Yeah,

24 that's fine.

25         THE COURT:  All right.  So are you making this

6

Proceedings

1   decision voluntarily?

2           THE DEFENDANT:  I am, your Honor.

3           THE COURT:  And do you have any questions about

4   what you're doing?

5           THE DEFENDANT:  No, sir.

6           THE COURT:  Okay.  So that consent is approved.

7   The waiver of indictment is approved.

8           So there's an information here and I'm just

9   going to ask Ms. Seifan to briefly explain the charges in

10  the information.

11          MS. SEIFAN:  Mr. Silverman is charged in this

12  indictment (sic) with conspiracy to commit bank fraud

13  relating to obtaining a loan from Comerica Bank.  I'm

14  happy to go into it in more detail but --

15          THE COURT:  Yes, maybe just very briefly.

16          MS. SEIFAN:  So between 1999 and 2008, Mr.

17  Silverman was a certified public accountant who worked

18  regularly for a bus company.  The bus company had -- was

19  a holding company with several subsidiaries and they

20  provided transportation to children in the New York --

21  attending New York City public schools.  This bus company

22  was operated and controlled by Jane Doe, an individual

23  known to the United States Attorney and also known to Mr.

24  Silverman and her children.  Their offices were located

25  in Brooklyn.

7

Proceedings

1          And in 2004, the bus company applied to

2  Comerica for a $10 million loan.  In support of that

3  application, the bus company submitted various fraudulent

4  financial statement and corporate income tax returns.

5          Mr. Silverman assisted in preparing certain of

6  those forms that were submitted to Comerica to obtain

7  that loan.  In addition, the loan obligated -- once the

8  loan was approved, it obligated the bus company to submit

9  quarterly financial statement to Comerica and the bus

10 company submitted materially false and fraudulent

11 quarterly financial statements that misrepresented the

12 financial condition of the bus company, in order to

13 prevent the bank from discovering that the bus company

14 was in violation of the terms of the 2004 loan agreement.

15          And the defendant conspired with Jane Doe and

16 her children and others at the bus company to defraud

17 Comerica by assisting in the preparation of false and

18 fraudulent corporate income tax returns, financial

19 statements and the quarterly financial statements that

20 were submitted to Comerica.

21          THE COURT:  Thank you.  All right.

22          And do you understand that a conspiracy is an

23 agreement between two or more people to do something

24 illegal?

25          THE DEFENDANT:  I do, your Honor.

8

Proceedings

1          THE COURT:  Okay.  Do you have any questions
2  about the information?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  All right.  I'll ask you later how
5  you plead as to the information.

6          Is this Mr. Silverman's first appearance before
7  the Court?

8          MS. SEIFAN:  Yes, your Honor.

9          MR. GLASSMAN:  Yes, your Honor.

10          THE COURT:  All right.  So do I need to arraign
11  him formally, as well, at this point?

12          MS. SEIFAN:  No, he's never been --

13          THE COURT:  He's never been advised of his
14  rights or --

15          MS. SEIFAN:  Yes, he's never been.

16          THE COURT:  Okay.

17          MS. SEIFAN:  Yeah.

18          THE COURT:  All right.  So this is your initial
19  appearance before the Court and I understand you are
20  intending to plead guilty but I just need to advise you
21  of your rights basically and make sure that you
22  understand what the process is about.

23          You have a right to remain silent.  Anything
24  you say here today can be used against you.  Even if you
25  have made statements or you intend to make statements in

9

Proceedings

1  the future, you don't have to say anything.  And you can

2  consult with your lawyer before you make any statements

3  to the Court.

4          Do you understand?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  All right.  So can you tell me your

7  full name, please?

8          THE DEFENDANT:  George Silverman.

9          THE COURT:  How old are you, sir?

10          THE DEFENDANT:  57.

11          THE COURT:  What's the last level of education

12  that you've completed?

13          THE DEFENDANT:  Bachelor of Science, four years

14  of college.

15          THE COURT:  Are you now or have you recently

16  been under the care of a doctor or a psychiatrist?

17          THE DEFENDANT: No, sir.

18          THE COURT:  In the past 24 hours, have you

19  taken any kind of medicine or pills?

20          THE DEFENDANT: No, your Honor.

21          THE COURT:  In the last 24 hours, have you

22  taken drunken any alcoholic beverages or taken any

23  narcotic drugs?

24          THE DEFENDANT:  No, your Honor.

25          THE COURT:  Have you ever been hospitalized or

10

Proceedings

1   treated for narcotic addiction, alcoholism or a mental or

2   emotional problem?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Is your mind clear now?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you understand why you're here

7   and what's happening here today?

8          THE DEFENDANT:  I do, your Honor.

9          THE COURT:  I'm just going to ask your lawyer a

10  few questions and then come back to you.

11         Have you discussed this matter fully with Mr.

12  Silverman?

13         MR. GLASSMAN:  Yes, your Honor.

14         THE COURT:  Does he understand the rights that

15  he would be waiving by pleading guilty?

16         MR. GLASSMAN:  Yes.

17         THE COURT:  Is he capable of understanding the

18  nature of these proceedings?

19         MR. GLASSMAN:  Yes, I believe he is, your

20  Honor.

21         THE COURT:  Do you have any doubts as to his

22  competence to plead at this time?

23         MR. GLASSMAN:  None.

24         THE COURT:  In preparing for the plea, have you

25  advised him of the possible maximum and minimum sentence

Proceedings

1    and fine and other penalties that he's facing?

2              MR. GLASSMAN:  Yes, we've reviewed the

3    guidelines extensively, your Honor.

4              THE COURT:  Have you explained to him how the

5    sentencing guidelines work and that the guidelines are

6    not binding on the Court?

7              MR. GLASSMAN:  Yes, your Honor.

8              THE COURT:  And have you advised him that

9    there's no guarantee at this time if he pleads guilty,

10   what his sentence will be?

11             MR. GLASSMAN:  That's correct, your Honor.

12             THE COURT:  And do you believe he understands

13   that if he is not a citizen of the United States, he

14   could be deported if there were certain charges that he

15   pled guilty to?

16             MR. GLASSMAN:  He understands and he is a

17   citizen, so --

18             THE COURT:  Okay.  Do you think he understood

19   all of your discussions?

20             MR. GLASSMAN:   Yes, I do believe he did, your

21   Honor.

22             THE COURT:  Okay.  All right.  So, do you agree

23   with everything that your lawyer just said?

24             THE DEFENDANT:  I do, your Honor.

25             THE COURT:  Have you discussed your case with

12

Proceedings

1   him fully?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Are you satisfied to have him

4   represent you?

5           THE DEFENDANT:  I am, yes.

6           THE COURT:  All right.  So I am sure your

7   lawyer has explained to you how guilty pleas work but I

8   need to make sure you understand what your rights are

9   because you will be giving them up and what the possible

10  penalties are and then I'm going to ask you at that

11  point, whether you wish to plead guilty. And again, if

12  you have any questions at all, feel free to consult with

13  your lawyer or ask me.

14          So we've already gone through the information

15  and I'm satisfied that you fully understand the charges.

16  As for your rights, you do have a right to plead not

17  guilty and if you wish, you can have a trial in this

18  case.

19          Do you understand that?

20          THE DEFENDANT:  I understand.

21          THE COURT:  So, if you continue to plead not

22  guilty, you would have a right under the Constitution and

23  laws of the United States to a speedy and public trial by

24  jury with the help of your lawyer on the charges

25  contained in the information that was just explained.

13

Proceedings

1          Do you understand?

2          THE DEFENDANT:  I understand.

3          THE COURT:  And if you cannot afford to retain

4    an attorney, the Court will ensure that you have an

5    attorney appointed to represent you at all stages of this

6    case.  That means all the way through trial and if you

7    were convicted, through an appeal.

8          Do you understand?

9          THE DEFENDANT:  I do, your Honor.

10         THE COURT:  And again, that would be at no cost

11   to you and you would be able to obtain the advice and

12   representation of an attorney.

13         At your trial, if you went to trial, you would

14   be presumed innocent.  The government would have to prove

15   your guilt by competent evidence that's admissible in

16   trial and it would have to convince a jury beyond a

17   reasonable doubt of any charges against you.

18         Do you understand?

19         THE DEFENDANT:  I do, your Honor.

20         THE COURT:  You would not have to prove any --

21   you wouldn't have to present any evidence at all or prove

22   that you're innocent.

23         Do you understand that?

24         THE DEFENDANT:  Yes.

25         THE COURT:  All right.  If the government fails

14

Proceedings

1    to prove that you're guilty beyond a reasonable doubt,

2    the jurors would have a duty to find you not guilty, even

3    if you did everything that the government has accused you

4    of.

5              Do you understand?

6              THE DEFENDANT:  I do understand that.  Yes,

7    sir.

8              THE COURT:  So, during your trial, the

9    government would have to bring its witnesses to court.

10   They would have to testify in your presence.  You would

11   be able to listen to everything that's said in court

12   obviously.  Your lawyer would be there to cross-examine

13   the witnesses, object to the government's evidence and to

14   present evidence in your defense and to call witnesses to

15   appear on your behalf.

16             Do you understand?

17             THE DEFENDANT:  I do, your Honor.

18             THE COURT:  And at your trial you would have a

19   choice.  You may testify in you wished to do so.  It's

20   your right.  But if you choose not to testify, you have a

21   Fifth Amendment privilege which guarantees you the right

22   to remain silent.  Nobody could force you testify if you

23   didn't want to and if you did choose to go to trial but

24   not to testify, Judge Townes would instruct the jurors

25   that they couldn't hold that against you and assume that

15

Proceedings

1   you're guilty just because you didn't testify in your own

2   defense.

3           Do you understand?

4           THE DEFENDANT:  I understand that, yes.

5           THE COURT:  Okay.  Any questions about anything

6   so far?

7           THE DEFENDANT:  No, sir.

8           THE COURT: So, if you do plead guilty, you'll

9   be giving up these rights and the other rights that I've

10  just explained.  You won't have a trial.  You won't be

11  able to cross-examine witnesses.  They'll simply be a

12  judgment that you're guilty based on what you said here

13  today.

14          Do you understand?

15          THE DEFENDANT:  I understand, your Honor.

16          THE COURT:  You'll not be able to take back

17  your guilty plea or to appeal from the judgment of

18  guilty.

19          Do you understand?

20          THE DEFENDANT:  I understand.

21          THE COURT:  And if you do plead guilty, I am

22  going to have to ask you some questions, so I can be sure

23  that you really are guilty.  You'll have to answer, admit

24  your guilt and when you do that, you'll give up your

25  right to remain silent and not to incriminate yourself.

16

Proceedings

1          THE DEFENDANT:  I understand.

2          THE COURT:  Okay.  Any questions about anything

3   so far?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  So, are you willing to give up your

6   right to a trial and the other rights that I've just

7   discussed?

8          THE DEFENDANT:  I am, your Honor.

9          THE COURT:  All right.  So I have an agreement

10  here.  I understand it's been marked as I see as Court

11  Exhibit 1 and on the last page, Mr. Silverman, I think I

12  see a signature above your name.

13          Did you sign this?

14          THE DEFENDANT:  I did, your Honor.

15          THE COURT:  And before you signed it, did you

16  read it carefully and discuss it with your lawyer and ask

17  him a lot of questions?

18          THE DEFENDANT:  I did.  We discussed it.  Yes,

19  sir.

20          THE COURT:  Right.  And are you satisfied you

21  fully understand the agreement at this time?

22          THE DEFENDANT:  I do, sir.

23          THE COURT:  Okay.  So Mr. Glassman, is this the

24  only agreement between the defense and the government at

25  this time

17

Proceedings

1          MR. GLASSMAN:  That's correct, yes.

2          THE COURT:  Ms. Seifan?

3          MS. SEIFAN:  That's correct.

4          THE COURT:  All right.  So according to the

5    agreement, you will waive indictment and plead guilty to

6    an information that we just discussed.  The charge or the

7    count that you would plead guilty to carries the

8    following statutory penalties:  a minimum of zero years

9    in prison and a maximum of thirty years.

10          Do you understand?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  If you are sentenced to prison,

13    there's something called supervised release.

14          Do you understand what that is?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  All right.  So if you're sentenced

17    to prison, upon your release, you could be sentenced to

18    supervised release for up to five years after you're

19    released from prison and there are separate penalties for

20    violating a condition of supervised release and the

21    maximum penalty for a violation of a condition of

22    supervised release, is up to three years in prison

23    without credit for the time that you had been on

24    supervised release or in prison on this charge.

25          Do you understand that?

18

Proceedings

1          THE DEFENDANT:  I do understand, yes.

2          THE COURT:  There's a maximum possible fine of

3   up to the greater of $1 million, twice the pecuniary gain

4   or twice the pecuniary loss.

5          Do you understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  There is also a provision for

8   restitution in an amount to be determined by the Court at

9   the time of sentencing.

10         Do you understand that?

11         THE DEFENDANT:  I do, your Honor.

12         THE COURT:  There is a $100 special assessment

13  which you would have to pay to the Court.  And there's

14  finally a provision for criminal forfeiture which is

15  described a little bit in the information and more in

16  paragraphs 4(f) through 4(n) of the agreement.

17         Are you familiar with that and how that works,

18  the forfeiture?

19         THE DEFENDANT:  Yes, yes.

20         THE COURT:  You discussed it with your lawyer?

21         THE DEFENDANT:  I have, yes.

22         THE COURT:  You fully understand it?

23         THE DEFENDANT:  I do, your Honor.

24         THE COURT:  Okay.  All right.  Paragraph 2

25  talks a little bit about sentencing and I know you and

19

Proceedings

1  your lawyer had some discussions about sentencing.  As I

2  said before, there's no guarantee what your sentence will

3  be.  What Judge Townes will do is calculate your

4  sentencing guidelines range and as the name implies, the

5  guidelines are guides to help Judge Townes decide how to

6  sentence you.  She'll calculate your guideline range.

7  She's not bound to sentence you under the guidelines but

8  she is required to consider them and then determine what

9  a fair sentence would be.

10           Do you understand?

11           THE DEFENDANT:  I do understand.

12           THE COURT:  And there are other factors which

13  the Court has to consider in deciding how to sentence

14  you.  I'm going to read from the statute.  The Court also

15  has to consider in addition to the guidelines, such

16  things as the circumstances of the offense, your

17  background, your respect for the law, what would be a

18  fair punishment, of deterrence, protecting the public

19  from further crimes and your individual need for

20  effective correctional treatment.

21           Do you understand?

22           THE DEFENDANT:  I do, sir.

23           THE COURT:  And there is no guarantee that

24  you'll be sentenced within the guideline range as I

25  mentioned before and you will not be able to take back

Proceedings

1   your guilty plea, even if the sentence is not within the

2   guideline range.

3           THE DEFENDANT:  I understand, your Honor.

4           THE COURT:  So, at this time nobody knows for

5   sure what your guideline range will be.  Anything that

6   you've been told either by your lawyer or by the

7   prosecution is just an estimate.  It may well be an

8   accurate estimate but it's up to Judge Townes to decide

9   what that will be.

10          THE DEFENDANT:  I understand that.

11          THE COURT:  Is there anything further that the

12  government would like to put on the record with respect

13  to the guidelines?

14          MS. SEIFAN:  No, (indiscernible).

15          THE COURT:  The defense?

16          MR. GLASSMAN:  No, your Honor.

17          THE COURT:  Do you have any questions about the

18  guidelines or anything in the agreement pertaining to the

19  guidelines?

20          THE DEFENDANT:  No, I fully understand what's

21  going on.

22          THE COURT:  Okay.  So in paragraph 3, you have

23  agreed not to appeal or otherwise challenge your

24  conviction or sentence if you receive a sentence -- I'm

25  sorry, a term of imprisonment within or below the

21

Proceedings

1  applicable guideline range that Judge Townes or the Court

2  at the time determines at sentencing.

3          Do you understand that?

4          THE DEFENDANT:  I do.

5          THE COURT:  Okay. Is there anything else the

6  government would like to put on the record with respect

7  to the agreement?

8          MS. SEIFAN:  No, your Honor.

9          THE COURT:  The defense?

10         MR. GLASSMAN:  No, your Honor.

11         THE COURT:  Anything else you would like to

12  discuss from the agreement?

13         THE DEFENDANT:  No, your Honor.

14         THE COURT:  If you are sentenced to prison,

15  there is no early release on parole because we don't have

16  parole in the federal system anymore, unlike the state

17  courts.

18         Do you understand that?

19         THE DEFENDANT:  I do, your Honor.

20         THE COURT:  All right.  Is there anything you

21  would like to ask me about your case or discuss privately

22  with your lawyer?

23         THE DEFENDANT:  No, sir.

24         THE COURT:  Are you ready to proceed?

25         THE DEFENDANT:  I am.

22

Proceedings

1          THE COURT:  So are you ready to plead at this

2    time too?

3          THE DEFENDANT:  I am, your Honor.

4          THE COURT:  So as to the information, how do

5    you plead, guilty or not guilty?

6          THE DEFENDANT:  I plead guilty.

7          THE COURT:  Are you pleading guilty

8    voluntarily?

9          THE DEFENDANT:  I am, your Honor.

10         THE COURT:  Has anyone forced you or threatened

11   you to make you agree --

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  -- to plead guilty?

14         THE DEFENDANT:  No.

15         THE COURT:  Has anybody promised you anything

16   to make you plead guilty?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Mr. Glassman, is there any reason

19   why Mr. Silverman should not plead guilty to the

20   information at this time?

21         MR. GLASSMAN:  No, your Honor.

22         THE COURT:  All right.  So again, how do you

23   plead, guilty or not guilty?

24         THE DEFENDANT:  I plead guilty.

25         THE COURT:  Okay.  So can you tell me in your

23

                              Proceedings

1   own words what it is that you did that makes you guilty

2   of this charge?

3            THE DEFENDANT: Between approximately May 2004

4   and April 2007, I agreed with others to obtain financing

5   for a bus company from Comerica Bank, by preparing and

6   submitting to Comerica false financial -- to Comerica

7   Bank, false financial information concerning the

8   financial condition of the bus company.

9            In addition, after Comerica Bank extended the

10  credit to the bus company, I participated with others in

11  the creation and submission of additional false,

12  financial information to Comerica Bank indicating that

13  the bus company was in compliance with their terms that

14  the bus company's loan agreements with Comerica Bank.

15           It was in Brooklyn, that I agreed to do this

16  and that I and others prepared false information to

17  accomplish those ends.

18           THE COURT:  Is there anything else the

19  government would add or any questions at this time?

20           MS. SEIFAN:  The information indicates that

21  Comerica Bank is a financial institution.  The deposits

22  of Comerica were insured by the Federal Deposit Insurance

23  Corporation.

24           THE COURT:  Thank you.  Anything else from the

25  defense?

24

Proceedings

1        MR. GLASSMAN:  No, your Honor.

2        THE COURT:  All right.  Mr. Silverman, I find

3   that you are acting voluntarily, you fully understand

4   your rights, the charges against you, the rights you're

5   giving up by pleading guilty, the consequences of a

6   guilty plea, sentence, fine, criminal forfeiture and

7   other penalties that we've discussed.  That you fully

8   understand that there's no guarantee what your sentence

9   will be at this time or even what the guideline range

10  will be.  And that there's a factual basis for the plea,

11  that you did, in fact, do what's charged in information.

12        I, therefore, recommend that Judge Townes

13  accept your plea of guilty to the information.

14        THE DEFENDANT:  Thank you, your Honor.

15        THE CLERK:  Sentencing will be set by Judge

16  Townes.

17        THE COURT:  So, I have a proposed bail package.

18  Is that correct?

19        MS. SEIFAN:  That's correct, your Honor.

20        THE COURT:  It's an unsecured bond with travel

21  restricted to the continental United States with prior

22  notification to pre-trial services when leaving New York

23  State, New Jersey and Connecticut.

24        I see we have someone here from pre-trial

25  services.

25

Proceedings

1          PRETRIAL SERVICES OFFICER:  Yes, your Honor.

2          THE COURT:  So is there anything you want to

3   add to the conditions that I am about to read here at

4   this point?  Have you --

5          PRETRIAL SERVICES OFFICER:  No, your Honor.

6   They're consistent with our bail report.

7          THE COURT:  Okay.  Great.

8          You are to surrender -- do you have a passport

9   at this time?

10          THE DEFENDANT:  Yes, sir.  I already

11   surrendered it.

12          THE COURT:  You already surrendered it.  Okay.

13   And -- to pre-trial services?

14          PRETRIAL SERVICES OFFICER:  Correct.

15          THE COURT:  Great.  You're not to apply for

16   another passport while the bond is in effect.  You are

17   placed under the supervision of pre-trial services.

18   They'll direct how your supervision works.  They'll tell

19   you when to report, how, whether by phone or in person,

20   how often, et cetera.

21          Do you understand how the unsecured bond works?

22   It's --

23          THE DEFENDANT:  I do, your Honor.

24          THE COURT:  Okay.  So you don't have to put any

25   money down.  As long as you follow all the conditions of

26

Proceedings

1   the bond, you won't owe the government any money.  If you

2   do violate any condition of the bond, for example, if you

3   don't come back to court when you're supposed to, or you

4   commit any crimes, or you violate any of the other

5   conditions, the government could come back, ask a judge

6   to revoke the bond and ask that you be detained and that

7   you owe the government $100,000.

8           THE DEFENDANT:  I understand, your Honor.

9           THE COURT:  Do you have any questions at all?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Okay.  Anything else that either

12   party would add?  Any other conditions?

13          MS. SEIFAN:  No, your Honor.

14          MR. GLASSMAN:  No, your Honor.

15          THE COURT:  Okay.  So I am going to hand this

16   down for you to sign.

17          (Pause)

18          THE COURT:  Okay.  Your bond is approved.

19   You'll get a copy of the bond.  Pre-trial services will

20   get a copy and I think you'll need to meet with pre-trial

21   services after we're done.

22          We don't have a sentencing date at this time,

23   do we?  No.  Okay.  All right.  Anything else?

24          MS. SEIFAN:  No, your Honor.

25          THE COURT:  Okay.  Good luck.

27

Proceedings

1      MR. GLASSMAN:  Thank you.

2      MS. SEIFAN:  Thank you.

3      THE DEFENDANT:  Thank you, your Honor.

4           (Matter concluded)

5                -oOo-

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

28

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **1st** day of **May**, 2014.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.